SEE, Justice.
In May 2000, Marcus Terrell Smith was convicted of murder and was sentenced to life in prison. The Court of Criminal Appeals affirmed his conviction and sentence on appeal, without an opinion, Smith v. State (No. CR-99-2198, Jan. 12, 2001), 821 So.2d 1034 (Ala.Crim.App.2001) (table), and issued a certificate of judgment on May 18, 2001.
On January 7, 2003, Smith filed a petition pursuant to Rule 32, Ala. R.Crim. P., arguing that his trial counsel had provided ineffective assistance of counsel. On the State’s motion, the trial court summarily dismissed the petition. Smith twice moved the trial court to vacate its decision, but his motions were denied. Smith appealed to the Court of Criminal Appeals; however, that court, concluding that Smith’s claim was precluded by the one-year period of limitations set forth in Rule 32.2(c), Ala. R.Crim. P., affirmed the trial court’s decision, without an opinion. Smith v. State (No. CR-02-1376, August 15, 2003), 886 So.2d 187 (Ala.Crim.App.2003) (table). The Court of Criminal Appeals also overruled Smith’s application for a rehearing. Smith then petitioned this Court for certio-rari review.
In Ex parte Gardner, [Ms. 1030309, Jan. 27, 2004] - So.2d - (Ala.2004), this Court clarified its interpretation of the effective-date language in the March 22, 2002, order amending Rule 32.2(c), Ala. R.Crim. P., to shorten the time period in which a Rule 32 petition can be filed from two years to one year. In light of our holding in Gardner, we conclude that the Court of Criminal Appeals erred in determining that Smith’s petition was untimely. We therefore suspend the provision of Rule 39, Ala. RApp. P., that allows the respondent to file a brief and grant this petition. We reverse the judgment of the Court of Criminal Appeals and remand the cause for proceedings consistent with this opinion.
WRIT GRANTED; REVERSED AND REMANDED. 
HOUSTON, LYONS, BROWN, HARWOOD, WOODALL, and STUART, JJ., concur.
JOHNSTONE, J., concurs specially.